### No. 14,469.

### GREAGER v. KITTLESON.
(86 P. [2d] 265)

Decided December 19, 1938. Rehearing denied January 16, 1939.

Messrs. FAIRLAMB & FAIRLAMB, for plaintiff in error.

Mr. PAUL L. LITTLER, for defendant in error.

*In Department.*

MR. JUSTICE BAKKE delivered the opinion of the court.

KITTLESON sued Greager on two promissory notes of $200 each, and had judgment after the trial court struck Greager's answer as sham, and sustained a motion for judgment on the pleadings.

Greager seeks reversal on an application for supersedeas and presents eleven assignments of error, which we shall not enumerate or discuss separately, because we believe a short statement of the facts will indicate that there was a disposition of the case without prejudice to defendant. The parties will be designated as plaintiff and defendant as they appeared below.

One of the notes was dated January 29, 1935, falling due November 15, 1935, and the other July 10, 1935, due on demand, both containing provisions for attorney's fees. Suit was commenced May 17, 1938. The principal defense was that defendant had given a new note secured by a mortgage, and that plaintiff had accepted this as payment of the original notes.

It appears that after the notes were long overdue, plaintiff tried to collect them, without success. It is conceded that about March 8, 1937, defendant by his daughter, delivered to plaintiff the new note and mortgage, defendant having been ill, and that plaintiff retained them. What was said at the time is not important because March 12, 1937, the daughter wrote plaintiff saying she had inquired about the abstract, which shows an outstanding tax certificate on the property involved, and asking

"what you wish done regarding this matter?" indicating definitely that no agreement was reached March 8th.

Following this event plaintiff did submit the tendered note and mortgage to his attorney who wrote defendant saying the forms used were not such as they had been using, and inclosing other forms properly filled out, with the request that they be executed and returned. Defendant ignored this letter and request and wrote plaintiff demanding the original notes, contending that plaintiff was holding a double obligation against him.

Matters went from bad to worse, aided by mutual unkind correspondence, until finally plaintiff's attorney sent the new note and mortgage by registered mail to defendant, which was receipted for by him on May 6, 1938, and, as indicated above, suit was filed May 17th, following.

September 7, 1938, defendant filed his answer, verified under oath, in which he alleged:

"1. That on or about March 6, 1937, this defendant agreed with the plaintiff that the indebtedness represented by the notes copied in the complaint should be paid through the execution and delivery by the defendant of a new note for $450.00 falling due March 6, 1939 and to be secured by mortgage on lots 9 and 10, block 4, McKeever's Second Addition to the Town of Norwood in San Miguel County, Colorado, the execution and delivery of said note and mortgage should be in full payment and satisfaction of the debt represented by the two notes set forth in the complaint.

"2. That the defendant duly executed the said note and mortgage falling due March 6, 1939 and delivered the same to the plaintiff and the same was accepted by the plaintiff as in full performance of the agreement aforesaid and that the defendant has performed all the conditions to be performed by him under said agreement.

"3. That by reason of the execution and delivery by defendant and the acceptance by plaintiff of said note and mortgage as aforesaid the indebtedness sued upon in the complaint was and is paid and fully satisfied and the

complaint herein should be dismissed at the cost of the plaintiff.''

In disposing of this case we are content to quote from an authority, cited by counsel for defendant, as follows: ''The only safe rule for courts to adopt as a guide, in disposing of motions of this character, is not to strike out answers as sham on the ground of falsity, unless the defendant * * * while denying its falsity in general terms, yet by his own showing demonstrates that the denial is not in good faith, and that the answer is in fact false.'' *McCarty v. O'Donnell,* 7 Robt. (N. Y.) 431; 20 Enc. Pl. & Pr. 78. Defendant did not verify his answer on information and belief but declared under oath ''that the allegations contained therein are true.''

Defendant was present at the trial, and represented by counsel. His version of the alleged new agreement was: ''I had an understanding with Mr. Kittleson, either through a personal visit or by letter, before these papers were dispatched to him by my daughter, that he would accept them. But I can't place just what it was. I didn't send them without an understanding with Mr. Kittleson that he would accept them. There was an understanding of some kind.''

This statement is wholly insufficient to sustain defendant's allegation of a new agreement or to justify its submission to the jury on that issue. We agree with the trial court that his answer was sham. Judgment on the pleadings was properly entered.

Other alleged errors could not possibly have prejudiced the rights of defendant, hence we do not consider them.

Judgment affirmed.

MR. CHIEF JUSTICE BURKE, MR. JUSTICE HILLIARD and MR. JUSTICE HOLLAND concur.